ORIGINAL

Kenneth A. Plevan
Kenneth.plevan@skadden.com
Limor Robinson
Limor.robinson@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036

Attorneys for Plaintiff

RECEIVED
APR 30 2009
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT LAINE

Plaintiff,

- against -

KATHY PRIDE

Defendant.

09 Civ. 3057 (HB) (RLE)

## VERIFIED AMENDED COMPLAINT

Plaintiff, Scott Laine, by her attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, for her Verified Amended Complaint, alleges as follows:

### Nature of Case

1. This is an action to recover possession of approximately 500 items of valuable, unique artwork ceated by Richard Ely (the "Ely Collection"), who died on February 17, 2009.

2. Large portions of the Ely Collection were wrongfully, maliciously, and tortiously converted by Ely's daughter, defendant Kathy Pride, knowing that the Ely Collection was owned by plaintiff Laine.

3. Laine seeks the return to her of all portions of the Ely Collection taken by Pride.

4. Laine also seeks a declaration that she is the owner of the Ely Collection, and seeks a Court finding that Pride has maliciously and tortiously interfered with Laine's rights, as owner of the Ely Collection, to develop and enhance the stature of Richard Ely as a highly skilled artist, in order to ensure Ely's legacy and enhance the value of the Ely Collection.

**Parties**

5. Plaintiff Laine is an individual residing at 54 West 56th Street, Suite 3B, New York, New York 10019.

6. Defendant Pride is an individual residing at 3 Horizon Drive, Danville, Pennsylvania 17821.

**Jurisdiction**

7. The Court's subject-matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1392, in that Laine is a resident of New York, and Pride a resident of Pennsylvania. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

**Background Facts**

8. Plaintiff Laine has had an extensive career in, and has significant experience in, the fashion world, as a model, designer, and teacher.

9. Richard Ely, as of early 2008, was an extremely talented artist who had had a successful and lengthy career as a fashion illustrator, and whose collection of works included fashion illustrations, portraits, landscape paintings done in Italy, and various designs for commercial products.

10. Examples of Ely's work can be seen at www.richardely.com. A total of 50 Ely works are part of the permanent collection of the Museum of Fine Arts in Boston, and can be viewed through www.mfa.org.

11. Prior to his death on February 17, 2009, Ely had for approximately 45 years lived at 207 West 86th Street, Ph A, New York, NY 10028, with his wife Valeska. At said residence Ely maintained a studio, for work and to house part of his personal collection of his own works.

12. As of 2007-2008, Ely was concerned about enhancing his legacy in the art world, and was desirous of taking steps to ensure and enhance that legacy. Ely also desired to sell some of his works, both as a means of earning income and to help promote his legacy.

13. As of early 2008, Ely and Laine had been friends and colleagues for more than a decade.

14. At that time, Ely enlisted Laine in his effort to enhance his legacy. An evaluation by Laine and other professionals indicated that a considerable amount of time and effort, over a period of several years, would be necessary to follow up on and implement Ely's desires, including assessing and cataloguing Ely's collection, and taking steps to promote Ely's name and reputation.

15. To induce Laine to undertake this time-consuming project, Ely offered to turn over the ownership of all of his works he owned to Laine. Laine only accepted the offer after Laine and Ely met with an attorney in New York, and after confirming that neither Ely's wife, Valeska, nor his daughter (defendant Pride), had any objections to this transaction.

16. To effectuate his wishes, Ely transferred ownership of all of his works in his possession (which at that time were principally located at Ely's studio, his apartment, and at Ely's faculty office at the Fashion Institute of Technology in Manhattan ("FIT")) to Laine, documented as follows:

(a) Grant of Full Authority, acknowledged before a Notary Public as of May 23, 2008 (Ex. 1 hereto), and

(b) Bill of Sale, also acknowledged before a Notary Public on May 23, 2008 (Ex. 2 hereto).

Each of said documents had been drafted by an attorney at the request of Ely.

17. Pursuant to the Bill of Sale, Laine and Ely agreed that if any of Ely's works being transferred to Laine's ownership were sold during Ely's lifetime, the two of them would share the proceeds on a 50-50 basis. However, it was specified as part of the transfer that Laine's obligation to share in the proceeds of any sales of the artwork ended at Ely's death.

18. With Ely's consent, Laine left the Ely collection in Ely's studio and apartment at 207 West 86 Street in Manhattan, so that Laine could examine and catalogue the collection with Ely's assistance and input. By early February 2009, Laine had devoted considerable time to this project, spending a substantial amount of time in said studio and apartment, to which she had a key and free access.

19. After an unfortunate accident (a fall) on February 12, 2009, in which Ely was severely injured, Ely died on February 17, 2009.

20. Following Ely's untimely death, defendant Pride entered Ely's studio in Manhattan and wrongfully and tortiously removed approximately 500 items that represented the bulk of the Ely Collection owned by Laine, from Ely's studio, apartment,

and his FIT faculty office. Upon information and belief, Pride removed said items to her home in Pennsylvania.

21. Demand for the return of the items converted by defendant Pride (Ex. 3) has been rejected.

22. On information and belief, Pride has been telling members of art community that plaintiff Laine forged Ely's signature on Ex's 1 and 2.

23. Laine has no adequate remedy at law.

**FIRST CLAIM**
**(Conversion)**

24. Laine repeats and realleges ¶¶ 1-23 herein.

25. Defendant Pride has willfully and maliciously converted personal property owned by Laine, in violation of the common law of New York.

26. Said property consists of artwork by Ely, and is unique property which the Court should order returned to Laine.

**SECOND CLAIM**
**(Tortious Interference)**

27. Laine repeats and realleges ¶¶ 1-26 herein.

28. Defendant Pride has tortiously and maliciously interfered with Laine's contractual rights and advantageous business prospects.

29. The Court should declare that certain conduct by Pride, including telling members of the art community that Ex's. 1 and 2 hereto were forged by Laine, constituted acts of tortious interference done in bad faith and maliciously.

WHEREFORE, plaintiff prays that the Court:

A. Find that all items removed by Pride from Ely's studio, apartment, and his FIT faculty office, in 2009 following Ely's death were part of the Ely Collection owned by Laine, and that Pride's conduct in taking exclusive possession of and in removing said items from New York constituted conversion.

B. Order the return to Laine of all items in the Ely Collection converted by Pride.

C. Find that Pride's conduct amounted to wrongful tortious interference, and enter a permanent injunction ordering Pride to desist from acts of tortious interference with Laine's ownership of and enhancement to the Ely collection.

D. Awarding Laine costs, reasonably attorney's fees, and such other and further relief as the Court may deem just and proper.

E. To the extent any of the artwork wrongfully converted by Pride has been damaged or is not recoverable, damages in an amount to compensate plaintiff for the loss.

Dated: April 21, 2009

Respectfully submitted,

Kenneth A. Plevan
Kenneth.plevan@skadden.com
Limor Robinson
Limor.robinson@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

Attorneys for Plaintiff

# EXHIBIT 1

# GRANT OF FULL AUTHORITY

# RICHARD ELY, ARTIST

# TO

# SCOTT LAINE

# FULL AUTHORITY

**KNOW THAT,** Richard Ely, 207 West 86th Street, New York, N Y 10024 does hereby grant to Scott Laine, 54 West 56th Street, New York, N Y 10019, absolute, exclusive and full authority, in my lifetime and after my demise, to sell, lease and in any other manner dispose of and exploit my artistic creations including but not limited to-

Artistic property, signed and unsigned, created by Richard Ely, including Oil, Acrylic and Water Color Paintings, Silk Screens, Pastels, Guache, Mixed Media, Charcoals, drawings, sketchbooks, photographs, negatives, etchings, Iris prints, on any medium whatsoever, web site and all future artistic creations similar to the above.

Any purchaser or any other party involved in any transaction whatsoever with regard to the above property can fully rely on the herein grant.

Richard Ely, Artist

STATE OF NEW YORK
COUNTY OF NEW YORK SS:

On the 23 day of May in the year 2008, before me, the undersigned, personally appeared RICHARD ELY personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities), and that by their signatures on the instrument, the individuals or the person upon behalf of which the individuals acted, executed the instrument.

NOTARY PUBLIC-STATE OF NEW YORK

DONALD PAUL RANGHIELLI
Notary Public - State of New York
NO. 01RA6158029
Qualified in New York County
My Commission Expires 8/14/12

# FULL AUTHORITY

KNOW THAT, Richard Ely, 207 West 86th Street, New York, N Y 10024 does hereby grant to Scott Laine, 54 West 56th Street, New York, N Y 10019, absolute, exclusive and full authority, in my lifetime and after my demise, to sell, lease and in any other manner dispose of and exploit my artistic creations including but not limited to-

Artistic property, signed and unsigned, created by Richard Ely, including Oil, Acrylic and Water Color Paintings, Silk Screens, Pastels, Guache, Mixed Media, Charcoals, drawings, sketchbooks, photographs, negatives, etchings, Iris prints, on any medium whatsoever, web site and all future artistic creations similar to the above.

Any purchaser or any other party involved in any transaction whatsoever with regard to the above property can fully rely on the herein grant.

Richard Ely, Artist

STATE OF NEW YORK
COUNTY OF NEW YORK SS:

On the 23 day of May in the year 2008, before me, the undersigned, personally appeared RICHARD ELY personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities), and that by their signatures on the instrument, the individuals or the person upon behalf of which the individuals acted, executed the instrument.

NOTARY PUBLIC-STATE OF NEW YORK

DONALD PAUL RANGHELLI
Notary Public - State of New York
NO. 01RA6186020
Qualified in New York County
My Commission Expires 4/14/12

# EXHIBIT 2

# BILL OF SALE

# RICHARD ELY, ARTIST

# TO

# SCOTT LAINE

# BILL OF SALE

KNOW THAT, for one dollar and other good and valuable consideration, Richard Ely, 207 West 86th Street, New York, N Y 10024 does hereby sell, transfer, grant and assign to Scott Laine, 54 West %6th Street, New York, N Y 10019, all right title and interest of Seller in and to the following assets: Artistic property, signed and unsigned, created by Richard Ely, including Oil, Acrylic and Water Color Paintings, Silk Screens, Pastels, Guache, Mixed Media, Charcoals, drawings, sketchbooks, photographs, negatives, etchings, Iris prints, on any medium whatsoever, web site and all future artistic creations similar to the above.

In addition to the above consideration Scott Laine will pay to Richard Ely 50% of any money she receives for the subsequent sale or profitable exploitation of the foregoing properties.

In the event of the death of Richard Ely, the foregoing additional consideration shall not inure to the benefit of his heirs or estate, it being expressly understood that the sale herein is final and complete as of the date-March 1, 2008.

Richard Ely acknowledges that he has received valuable consideration received to date in the amount of $5,000.00.

Richard Ely, Seller

Scott Laine, Purchaser

STATE OF NEW YORK
COUNTY OF NEW YORK SS:

On the 23 day of May in the year 2008, before me, the undersigned, personally appeared RICHARD ELY personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities), and that by their signatures on the instrument, the individuals or the person upon behalf of which the individuals acted, executed the instrument.

NOTARY PUBLIC-STATE OF NEW YORK

DONALD PAUL RANGHELLI
Notary Public - State of New York
NO. 01RA6180080
Qualified in New York County
My Commission Expires 4/14/12

# BILL OF SALE

KNOW THAT, for one dollar and other good and valuable consideration, Richard Ely, 207 West 86th Street, New York, N Y 10024 does hereby sell, transfer, grant and assign to Scott Laine, 54 West %6th Street, New York, N Y 10019, all right title and interest of Seller in and to the following assets: Artistic property, signed and unsigned, created by Richard Ely, including Oil, Acrylic and Water Color Paintings, Silk Screens, Pastels, Guache, Mixed Media, Charcoals, drawings, sketchbooks, photographs, negatives, etchings, Iris prints, on any medium whatsoever, web site and all future artistic creations similar to the above.

In addition to the above consideration Scott Laine will pay to Richard Ely 50% of any money she receives for the subsequent sale or profitable exploitation of the foregoing properties.

In the event of the death of Richard Ely, the foregoing additional consideration shall not inure to the benefit of his heirs or estate, it being expressly understood that the sale herein is final and complete as of the date-March 1, 2008.

Richard Ely acknowledges that he has received valuable consideration received to date in the amount of $5,000.00.

Richard Ely, Seller

Scott Laine, Purchaser

STATE OF NEW YORK
COUNTY OF NEW YORK SS:

On the 13 day of May in the year 2008, before me, the undersigned, personally appeared RICHARD ELY personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities), and that by their signatures on the instrument, the individuals or the person upon behalf of which the individuals acted, executed the instrument.

NOTARY PUBLIC-STATE OF NEW YORK



# EXHIBIT 3

**Scott Laine**
**54 West 56th St.**
**New York, New York 10019**
**(212) 977 0098**

23 February 2009

Ms. Kathy Pride
3 Horizon Drive
Danville, PA 17821

Dear Kathy,

First, I want to say again how sorry I am about the extraordinarily tragic accident that took Richard's life. I enjoyed very much the time we had together over the eleven years I knew and worked with him. His talent was exceptional and deserves much wider recognition, a goal I had been working towards.

After our conversations in the hospital, I assumed we were on the same page about Richard's legacy. As you know, Richard sold me all of his existing art he still owned. The bill of sale between Richard and myself for his work was completed on March 1st, 2008, and was notarized on May 23rd, 2008. I gave you copies of the appropriate documents. You will note the provision in it that says, in the event of Richard's death, none of his art would accrue to his heirs, but remained my property. Beyond the ownership of the art, however, is the matter of his legacy. It was my intention to be sure that legacy was protected and nurtured while he was alive, and to that end had enlisted the aid of friends of mine who were knowledgeable in such matters as cataloging, reproductions, exhibitions, etc., That knowledge, conjoined with my knowledge of the fashion world and fashion illustration, was beginning to create a larger audience for Richard's work. I have been searching aggressively for Richard's artwork that had been lent but had not been returned, approaching galleries for exhibitions of his work, working on values of donated works for tax purposes, and preparing the material necessary for an exhibition in New York, in which his work is included, and which is coming up in a month. Additionally, I felt it was vital for Richard personally to continue his creative work, which he was eminently capable of doing. To that end I had begun, with his permission and encouragement, and in consultation with him, the reorganization of his studio to make it easier for him to do the drawing and painting for which he has been justly praised.

You and I had agreed to meet at Richard's office at the Fashion Institute of Technology, so I could get the things there that are mine, but I now find that you removed everything, Richard's art work owned by me and personal property of mine, without consulting me. I need to reiterate that no one has the right without

Blog: is the "Belnord"

my permission, which I have not given to you or anyone else, to move, distribute, sell, use or dispose of in any way the property I purchased from Richard, and which he specifically wished me to have, his art. That includes, of course, any artwork in his apartment at the ~~Apthorp~~. This latter is particularly important because works for the exhibition I noted above were ready to be transported and photographed for the catalog of the show, specifically a portrait of Colette that was packed and in his room, another of Katherine Hepburn that was also packed and ready to be transported, other portraits of Sandra Feigan and Joseph Battle, a biker scene and a bar scene done in San Moritz that were hanging in the foyer, etc. The deadline for photography for that catalog is imminent. Additionally, I wish to note that Richard's art is fragile and needs to be handled in a manner commensurate with accepted standards for such works. Handling them in any other way will inevitably damage them, which will materially affect their value and suitability for exhibition.

I have tried to reach you a number of times without success. You have not followed through on the things we agreed upon, and have removed and sequestered my property without my permission. I want the property of mine taken from Richard's office at FIT turned over to me, and I will need to have a date certain from you when I can take from the apartment the things that need to be photographed for the exhibition catalog. Please contact me immediately to make such arrangements.

Sincerely yours,

Scott Laine

Scott Laine

Copy to: Valeska Ely

By hand to Valeska Ely, 207 West 86th St., Penthouse A, New York, NY 10024

By Certified Mail to Kathy Pride, address above

RECEIPT VERIFICATION

I Hedi Weil 2/23/09

working at the receiving area of the Apthorp,

207 West 86th Street, New York, N.Y., do

hereby sign for the receipt of a letter hand delivered from

Scott Laine which is addressed to Valeska Ely and Kathy Pride,

who are residents here of Penthouse A, in The APTHORP,

207 West 86th Street New York, N,Y. 10024,

on February 23 2009.

1:52 PM

Verified 7008 3230 0002 2938 2919

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

DANVILLE PA 17821

| | | |
|---|---|---|
| Postage | $ $0.42 | 0053 |
| Certified Fee | $2.70 | 31 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $3.12 | 02/23/2009 |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7008 3230 0002 2938 2919

☐ Blumbergs Law Products B 151— Affidavit of Service of Summons or Subpoena: Personal or Alternative Methods: Corp. or Ind.: Military Service, 10 pt. type, 1-95

© 1988 JULIUS BLUMBERG, INC. PUBLISHER, NYC 10013

COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

COUNTY OF

SCOTT LAINE,

*Plaintiff(s)*

*against*

KATHY PRIDE,

*Defendant(s)*

CASE ~~Index~~ No. 09 CV 3057 (HB)

*AFFIDAVIT OF SERVICE OF ~~SUMMONS (AND COMPLAINT)~~*

SEE ATTACHED RIDER

STATE OF ~~NEW YORK~~ Pennsylvania, COUNTY OF DAUPHIN SS: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides ~~at~~ IN THE STATE OF Pennsylvania

That on 4/23/09 at 8:00P. M., at 3 HORIZON DRIVE, DANVILLE, PA 17821

deponent served the within ~~summons and complaint~~ on KATHY PRIDE defendant therein named,

SEE ATTACHED RIDER

INDIVIDUAL 1. ☒ by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

CORPORATION 2. ☐ a corporation, by delivering thereat a true copy *of each* to personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be thereof.

SUITABLE AGE PERSON 3. ☐ by delivering thereat a true copy *of each* to a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

AFFIXING TO DOOR, ETC. 4. ☐ by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

MAILING TO RESIDENCE USE WITH 3 OR 4 5A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO BUSINESS USE WITH 3 OR 4 5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

DESCRIPTION USE WITH 1, 2, OR 3 ☒

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

USE IN NYC CIVIL CT. ☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

MILITARY SERVICE ☒ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform.* The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on 27th day of April 2009

Erin M Johnson

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Erin M. Johnson, Notary Public
Lower Paxton Township, Dauphin County
My commission expires November 18, 2012

PRINT NAME BENEATH SIGNATURE
CHAD SPOTTS

License No. N/A

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X CASE NO. 09 CV 3057(HB)

SCOTT LANE,

Plaintiff,

- against -

KATHY PRIDE,

Defendant.
-----------------------------------X

RIDER TO AFFIDAVIT OF SERVICE

List of Documents Served:

1. Summons with attached Verified Amended Complaint;
2. Original Complaint;
3. Copy of Letter from Judge Baer dated April 9, 2009 setting Pre-Trial Conference of May 6, 2009 at 3:15 p.m. in Chambers, Room 2230, 500 Pearl Street, New York, NY 10007;
4. Individual Practices of Judge Harold Baer, Jr.; and
5. Electronic Case Filing Rules & Instructions.